UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rodney H. TUCKER,<br><br>                              Plaintiff,<br><br>v.<br><br>Joel JOHNSON,<br><br>                              Defendant. | Case No.: 25-cv-2229-AGS-KSC<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2) AND DISMISSING ACTION WITH LEAVE TO AMEND** |

Plaintiff Rodney Tucker, proceeding without an attorney, is suing Joel Johnson, a "worker" for the "County of San Diego, CA Health and Human" Services. He also requests to proceed *in forma pauperis*, that is, without paying the court's filing fees. As explained below, his IFP application is granted. But his claim does not survive mandatory screening.

## DISCUSSION

### A.    IFP Application

Parties instituting civil actions in United States district courts must pay $405 in filing fees. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). But plaintiffs granted the right to proceed IFP need not pay those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Tucker's application states that he receives only "598" dollars a month in welfare assistance, has no cash on hand, and owns no assets other than a car he values at "$1,000." (ECF 2, at 1–3.) His application also surprisingly indicates that he has no expenditures except around a hundred dollars a month on car insurance, including a purported zero dollars spent on food, clothing, and housing. (*Id.* at 4–5.)

Although the Court is dubious about Tucker's expenses, it's clear his earnings are very low, and he has no assets on hand to satisfy the filing fee. As "a party need not be completely destitute to proceed IFP," the motion is granted. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021).

**B.    Screening and Dismissal**

The IFP statute "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citing 28 U.S.C. § 1915(e)(2)). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

There are several issues that require dismissal. Initially, Tucker, as the "party asserting jurisdiction," "bears the burden of establishing subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008). Tucker checked a box on his complaint form indicating that jurisdiction in this case is based on defendant's status as a "U.S. Government Defendant." (ECF 1, at 3.) But he alleges that defendant works for San Diego County, rather than the U.S. Government. (*Id.* at 1.) And he does not obviously meet either of the other two common forms of subject-matter jurisdiction: he doesn't identify a federal cause of action for federal-question jurisdiction, and he undermines diversity jurisdiction by claiming he and defendant are both from California. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (holding "federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.*, claims under 42 U.S.C. § 1983)"); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." (cleaned up)).

But even if he had adequately indicated that this Court has jurisdiction over his claim, the Court is unsure of what his claim is and what he alleges occurred. Here is every word of the complaint's factual allegations:

> 2nd of Sept 2025 Claim of genral Relief not put in my account! Talk to Supervisor! givin Me false Policys of Agecy About Social Security acts. State

> Avocate Must Be a Source of General Relief To Have Benifits Complete. System in Fraud! To Deffert Agency. Social Security and County Health Services (Don't! Comply!) Together) False information Static given to me. I hare a Letter from Social Security Thate State August <u>4th</u> 2025 (Ref A) BNa# 25BC193A85227 Rodeny H. Tucker Has a Medical Claim Pending with Social Sucurity ADMin. 700 E 24th St National City, CA 91950

(ECF 1, at 5 (all errors in original).) Whatever Tucker meant with that, the Court cannot say that it plausibly alleges Johnson committed any tort.

But neither of these defects are necessarily fatal to Tucker's claim. With additional detail and a clearer recounting of his cause of action, he may well be able to appropriately invoke this Court's jurisdiction and state a claim. Because a "district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment," the Court will provide Tucker an opportunity to amend his complaint to address those defects. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

## CONCLUSION

Thus, the Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and the filing fee is waived.

2. Plaintiff's complaint is **DISMISSED** without prejudice due to lack of jurisdiction and for failure to state a claim. But plaintiff is granted leave to amend.

3. By **November 3, 2025**, plaintiff must file any amended complaint. The amended complaint must be complete by itself without reference to any previous version of the pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. If Tucker fails to timely amend, the Court will enter a final Order dismissing this civil action.

Dated:  September 3, 2025

_____
Andrew G. Schopler
United States District Judge